IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01153-WYD-KMT

CHRISTOPHER J. QUINTANA; and
CATHY QUINTANA,

    Plaintiffs,

v.

BSBC BANK USA, NATIONAL ASSOCIATION;
JOEL MECKLENBURG, REG. NO. 36291;
THE LAW FIRM OF ARONOWITZ & FORD, L.L.P.; and
STEPHANIE O'MALLEY,

    Defendants.

## ORDER OF DISMISSAL

THIS MATTER is before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) filed July 2, 2008. On July 24, 2008, Defendants filed a Notice of Confession of the Motion, as Plaintiffs did not respond to the Motion to Dismiss. For the reasons stated below, I grant Defendants' Motion to Dismiss and dismiss this case.

By way of background, the motion asserts that Plaintiffs purchased a piece of real property in Denver, Colorado, and executed a promissory note secured by a deed of trust encumbering that property. The original lender, Decision One Mortgage Company, LLC, assigned the Note the Deed of Trust to HSBC Bank USA, National Association ("HSBC"), and HSBC became the holder and owner of the debt.

Subsequently, Plaintiffs defaulted on their obligation to make mortgage payments to HSBC. HSBC initiated foreclosure proceedings and obtained an Order Authorizing Sale after proving to the Denver County District Court that it was the owner of the debt, that Plaintiffs were in default, and that Plaintiffs were not in the United States military. Plaintiffs did not contest the foreclosure proceeding until nearly four months after the judge in Denver District Court entered the Order Authorizing Sale.

Plaintiffs then filed this action, wherein they sued for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and for "Conspiracy, Aiding and Abetting and Concerted Extortionate Acts". Compl. at 5-7. The conspiracy claim alleges false representations by Defendants to the Denver District Court and the Office of the Public Trustee for Denver County, including false representations relating to the foreclosure of Plaintiffs' home (such as that Defendants were the owner of the lien or mortgage at issue when they not). *Id.* at 6-7.

Turning to my analysis, I first reject Defendants' assertion that Plaintiffs' failure to respond to the motion to dismiss results in a confession of the motion. While I may consider the motion to dismiss as uncontested, I may not grant the motion "'merely because [a party] failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quotation omitted). Instead, I must consider the allegations in the complaint and determine if Plaintiffs have stated a claim (or if they have stated a basis for subject matter jurisdiction). *Id.* at 1178. When a plaintiff is proceeding pro se, "his pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendants seek to dismiss this case pursuant to Rule 12(b)(1) and (6), and attach matters outside the pleadings to their motion. If I were to consider the motion under Rule 12(b)(6), the motion would need to be converted to a summary judgment motion. FED. R. CIV. P. 12(b); *Lucero v. Gunter*, 52 F.3d 874, 877 (10th Cir. 1995). However, I find that dismissal is appropriate under Rule 12(b)(1) and that conversion of the motion is not required as discussed below

As noted in *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), a motion to dismiss under Rule 12(b)(1) can be either a facial attack on the sufficiency of the allegations of the complaint as to subject matter jurisdiction or a challenge to the actual facts upon which subject matter jurisdiction is based. In a facial attack, a party may go beyond the allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). *Id.* That is what occurred in this case, as Defendants attached evidence to their pleadings that they wished the Court to consider in connection with their motion. In a factual attack, the court may consider matters outside the pleadings and the motion is not converted to a motion for summary judgment. *Id.* "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730.[1]

---

[1] In finding that the motion to dismiss does not need to be converted to a summary judgment motion, I find that the jurisdictional issue is not intertwined with the merits. That is because the outcome of the jurisdictional issue depends on judicially-created doctrines and not on the statute which creates the claim. *See Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).

In the case at hand, I agree with Defendants that the Court lacks subject matter jurisdiction over Plaintiffs' claims as they fall squarely within the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine "is confined to cases of the kind from which it acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Moreover, the *Rooker-Feldman* doctrine "precludes a federal district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Id*. at 291.

*Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court. *Feldman*, 460 U.S. at 483-84 n. 16. A federal claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). In short, *Rooker-Feldman* precludes a federal action if the relief requested in federal court would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Id.*

Here, the Plaintiffs' claims are premised upon the argument that Defendants had no legal right to foreclose on their property, and that Defendants violated federal law by

seeking to collect on a debt without the legal right to do so. A consideration of Plaintiffs' claims would require this Court to overturn the state court's determination that Defendant HSBC had the legal right to foreclose on the Plaintiffs' house. Accordingly, I agree with Defendants that Plaintiffs' federal claims are inextricably intertwined with the state court claims and are barred by the *Rooker-Feldman* doctrine. *See Givens v. Homecomings Financial*, No. 07-2359, 2008 WL 2121008, at *1-2 (8th Cir. 2008); *Harper v. Chase Manhattan Bank*, 138 Fed. Appx. 130, 133 (11th Cir. 2005); *Ellis v. CAC Financial Corp.*, 6 Fed. Appx. 765, 769-70 (10th Cir. 2001); *see also Argys v. Schum*, No. 08-cv-00528-BNB, 2008 WL 1765657, at *1-2 (D. Colo. 2008); *Lee v. Imperial Lending, LLC*, No. 06-cv-02388-ZLW-BNB, 2007 WL 2572267, at *3-4 (D. Colo. 2007); *Morrow v. Countrywide Home Loans, Inc.*, No. 06-cv-00272-LTB-MEH, 2006 WL 1659181, at *1-2 (D. Colo. 2006); *Rohr v. Home Loans Corp.*, No. 104CV01594REBBNB, 2005 WL 2027684, at *2 (D. Colo. 2005).

Additionally, I note that federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal challenges. *Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to the *Younger* abstention doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004), *cert. denied*, 544 U.S. 1050 (2005).

In this case, the allegations of the Complaint show that this lawsuit corresponds to proceedings in state court in connection with the foreclosure of Plaintiffs' home. To the extent that Plaintiffs have raised claims not barred by a judgment, they can pursue any claims that Defendants had no legal right to foreclose on their house in state court. Plaintiffs do not and cannot establish that the state appellate process will not provide an adequate forum for their claims. Moreover, the state proceedings involve important state interests, in that the foreclosure action as well as the perfection and recording of liens are matters governed by state law and are traditionally resolved in state courts. The state has expressed its interest in having the matter at issue in this case resolved specifically in state court. Accordingly, I find that this Court should abstain from exercising jurisdiction over Plaintiffs' claims to allow Plaintiffs' to pursue their legal remedies, if any, in the proper forum in state court.

Based upon the foregoing, it is

ORDERED that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is **GRANTED** pursuant to Rule 12(b)(1) and this case is **DISMISSED**.

Dated: August 4, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge